146

## CIRCUIT COURT OF ROANOKE COUNTY

PNG Investments, L.L.C.

v.

Karen D. Gravely-Robinson

October 10, 2006

Case No. CLO5-130

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff bought the Defendant's house at a foreclosure sale, but Defendant, the holdover occupant, refused to leave the premises. Plaintiff property owner then filed an Unlawful Detainer action and ultimately obtained possession of the land. Owner next filed a Warrant in Debt to collect damages in contract for Occupant's wrongful use and possession of the house. Upon a trial *de novo* on the Warrant in Debt, Owner was allowed to amend his pleading so that it only alleged that Occupant owed Owner a debt in the amount of $5,000.00. Owner has proven that the Occupant wrongfully withheld the residential real estate from him and lived in it for a period of 135 days; that the daily interest rate on the money he borrowed to purchase the premises was $19.59; that the *per diem* real estate tax cost was $4.01; and that the *per diem* casualty insurance expense for the house was $0.68. The product of those numbers is $3,277.80, which Owner claims is the measure of his damages. There was no physical harm done to the realty, nor any diminution of its value. No evidence was presented as to the fair rental value of the property. Occupant argues that Owner's evidence fails to prove any damages

resulting from a trespass. Owner contends that the cost of the money he borrowed to purchase the premises, plus the cost of taxes and insurance, are the actual damages he suffered from the trespass.

In the case of a trespass to real estate, the injured party can sue in tort or he can "waive the tort and sue in assumpsit." *Raven Red Ash Coal Co. v. Ball*, 185 Va. 534, 542 (1946). This means that, when a trespass occurs, the injured party can waive his right to sue in tort and instead base his claim on the legal fiction of quasi contract. He can assert the existence of an implied promise to pay the fair value for the use of the property in order to prevent unjust enrichment by the wrongdoer. That measure of damage is the fair rental value of the premises. In the alternative, when the aggrieved party chooses instead to pursue compensation for the actual damage done to the real estate, the measure of damages in tort is the money value of the property lost or destroyed or the reduction in value of real estate caused by the trespass. *Honaker Lumber Co. v. Kiser*, 134 Va. 50, 58 (1922). The requirement for the election by the plaintiff of either the tort or the contract remedy no longer exists because § 8.01-272, Code of Virginia (1950), as amended, now allows the joinder of both actions.

In this case no election of remedies occurred. The Court considered the evidence presented both under the theory of tort and under the theory of implied contract. There was no evidence presented as to the fair rental value of the property; thus, judgment cannot be granted on the theory of implied contract. There was no evidence presented as to any physical harm done to the premises; consequently, the Court cannot consider the measure of damage to be the value of the property destroyed or the devaluation of the real estate. Since no proof exists as to the fair value of the benefit received by the trespasser or of physical damage to the realty, Owner is only entitled to nominal damages. Nominal damages are those trifling sums of money a court awards to a party who is technically injured when a civil wrong has been committed against his personal or property interests, but when little or no evidence of actual damage exists. Judgment is granted against the Defendant and in favor of the Plaintiff in the amount of $100.00 plus costs.